IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01036-PAB

CARLOS ALBERTO SUAREZ SANCHEZ,

     Petitioner,

v.

JUAN BALTASAR,[1] Warden, Aurora Contract Detention Facility,
GREGORY DAVIES, Field Office Director of Enforcement and Removal Operations,
Denver Field Office,
TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security,
PAMELA BONDI, U.S. Attorney General, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Carlos Alberto Suarez Sanchez's Petition for Writ of Habeas Corpus. Docket No. 1. Respondents filed a response. Docket No. 7.[2]

---

[1] The proper spelling of this respondent's name appears to be Baltazar. *See, e.g., De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217 (D. Colo. Feb. 17, 2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600 (D. Colo. Feb. 13, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163 (D. Colo. Jan. 26, 2026); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025).

[2] Respondents argue that the named non-individual respondent—the Executive Office for Immigration Review—is not properly named in a habeas petition. Docket No. 7 at 1 n.1. The Court agrees and will grant the habeas petition against the individual respondents only.

## I.  BACKGROUND[3]

Petitioner is a Venezuelan national.  Docket No. 1 at 2, ¶ 1.  Petitioner initially entered the United States without inspection near Eagle Pass, Texas on or about October 11, 2023.  *Id.*  Petitioner was placed in removal proceedings via a Notice to Appear charging him with removability under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  *Id.*  On October 13, 2023, petitioner was released on his own recognizance.  *Id.*, ¶ 2.  On February 17, 2026, petitioner appeared for a routine check-in with Immigration and Customs Enforcement ("ICE") and was detained.  *Id.*, ¶ 4.  Petitioner is being held at the Aurora Contract Detention Facility.  *Id.*

On March 13, 2026, petitioner filed a Petition for Writ of Habeas Corpus.  *See generally id.*  Petitioner brings claims that respondents are detaining him in violation of 8 U.S.C. § 1226(a),[4] and that respondents are violating his due process rights.  *Id.* at 12-15, ¶¶ 57-77.  Petitioner requests, among other things, that the Court require respondents to provide him with a bond hearing.  *Id.* at 16.

## II.  ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 6, ¶ 33; Docket No. 7 at 1-2.  Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of noncitizens, like petitioner, who previously entered and are now

---

[3] The following facts are taken from the habeas petition.  Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 7.

[4] Petitioner refers to 8 U.S.C. § 1226(a) as INA § 236(a).  "Section 236 of the INA is codified as amended at 8 U.S.C. § 1226."  *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *1 (D. Colo. Jan. 6, 2026).  Throughout this order, the Court will reference 8 U.S.C. § 1226 instead of INA § 236(a).

residing within the United States.  Docket No. 1 at 6, ¶ 33.  Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing.  *See id.* at 8, ¶ 41.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States without having been admitted."  Docket No. 7 at 2.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *Id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See Cruz v. Noem*, No. 26-cv-00312-PAB-NRN, 2026 WL 766689, at *2 (D. Colo. Mar. 18, 2026); *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600, at *1-2 (D. Colo. Feb. 13, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at

3

*1-4 (D. Colo. Dec. 18, 2025).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  Docket No. 7 at 3.  Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondent's rights including the right to appeal."  *Id.* at 2.  Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit.  *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025)).  "Respondents acknowledge that until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from the case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  *Id*.  Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.  *Id.* at 4.

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025).  Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the

4

same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case.  Docket No. 7 at 2.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[5]

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Carlos Alberto Suarez Sanchez's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED March 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[5] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's due process claims.  *See Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").