IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01036-PAB

CARLOS ALBERTO SUAREZ SANCHEZ,

      Petitioner,

v.

JUAN BALTASAR,[1] Warden, Aurora Contract Detention Facility,
GEORGE VALDEZ, Field Office Director of Enforcement and Removal Operations,
Denver Field Office,
TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
TODD BLANCHE,[2] Acting U.S. Attorney General, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on Petitioner's Motion to Clarify Order (Fed.
R. Civ. P. 60(a)) and, in the Alternative, Motion to Alter or Amend Judgment (Fed. R.
Civ. P. 59(e)) [Docket No. 9].

## I. BACKGROUND

Petitioner is a Venezuelan national. Docket No. 1 at 2, ¶ 1. Petitioner initially
entered the United States without inspection near Eagle Pass, Texas on or about

---

[1] The proper spelling of this respondent's name appears to be Baltazar. *See,
e.g., De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217 (D. Colo. Feb. 16,
2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600 (D. Colo. Feb. 13,
2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163 (D. Colo.
Jan. 26, 2026); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D.
Colo. Dec. 18, 2025).

[2] Pursuant to Federal Rule of Civil procedure 25(d), George Valdez, Markwayne
Mullin, and Todd Blanche are automatically substituted as parties in this action.

October 11, 2023.  *Id.*  Petitioner was placed in removal proceedings via a Notice to Appear charging him with removability under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  *Id.*  On October 13, 2023, petitioner was released on his own recognizance.  *Id.*, ¶ 2.  On February 17, 2026, petitioner appeared for a routine check-in with Immigration and Customs Enforcement ("ICE") and was detained.  *Id.*, ¶ 4. Petitioner is being held at the Aurora Contract Detention Facility.  *Id.*  Respondents claimed that petitioner was being detained pursuant to 8 U.S.C. § 1225(b)(2).  Docket No. 7 at 1-2.

On March 13, 2026, petitioner filed a Petition for Writ of Habeas Corpus.  Docket No. 1.  The petition argued (1) that petitioner's detention should be controlled by 8 U.S.C. § 1226(a),[3] (2) that respondents detained petitioner without following necessary procedures in contravention of federal regulations and the Fifth Amendment, and (3) that petitioner's detention without access to a bond hearing violated the Fifth Amendment.  *Id.* at 12-15, ¶¶ 57-77.  On March 24, 2026, the Court granted the habeas petition on petitioner's first argument—that his detention was governed by § 1226(a). Docket No. 8 at 5.  Because § 1226(a) requires that petitioner be provided a bond hearing, the Court ordered that respondents provide petitioner with a bond hearing within seven days of the Court's order.  *Id.*  The Court did not reach petitioner's remaining claims because it granted the habeas petition on the basis of the § 1226(a) claim.  *Id.* n.5.

---

[3] The petition refers to 8 U.S.C. § 1226(a) as INA § 236(a).  "Section 236 of the INA is codified as amended at 8 U.S.C. § 1226."  *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *1 (D. Colo. Jan. 6, 2026).  Throughout this order, the Court will reference 8 U.S.C. § 1226 instead of INA § 236(a).

On the same date that the Court entered its March 24, 2026 order, petitioner filed a motion to clarify the March 24, 2026 order or, in the alternative, to alter or amend the judgment. Docket No. 9. In the motion, petitioner asks the Court to clarify the burden of proof and evidentiary standard applicable at the § 1226(a) bond hearing or, in the alternative, to reconsider the remedy and order petitioner's immediate release based, in part, on the fact that there is no valid basis for petitioner's detention because respondents failed to obtain an administrative warrant when arresting petitioner. *Id.* at 2. Petitioner also asserts that he was not issued a "written notice of revocation." *Id.* at 5.

On March 31, 2026, petitioner filed a status report indicating that, earlier that day, an immigration judge conducted a bond hearing and ordered petitioner released on bond of $15,000. Docket No. 10 at 2. Petitioner asserts that he is unable to pay a $15,000 bond and therefore remains in detention. *Id.* at 3. Petitioner further states that the immigration judge placed the burden of proof on petitioner, specifying that he did so "in the absence of an express directive from this Court." *Id.* Petitioner claims this "is a constitutionally defective burden allocation." *Id.* On April 8, 2026, respondents filed a response to the motion to clarify or amend the judgment, arguing that petitioner properly bore the burden of proof during his bond hearing. Docket No. 12. Respondents did not address petitioner's argument that he is entitled to immediate release due to respondents' failure to obtain an administrative warrant when arresting petitioner. *See generally id.* On April 10, 2026, petitioner filed a reply, reasserting his arguments and specifying that he "does not seek a second bond hearing" and instead seeks "immediate release." Docket No. 15 at 6.

On April 15, 2026, the Court issued a minute order noting that respondents failed to address petitioner's argument that they lack a valid basis for petitioner's detention. Docket No. 16.  Thus, the Court ordered that "respondents shall provide supplemental briefing addressing petitioner's argument that (1) he is detained without a valid basis, and (2) immediate release is the proper remedy for detention without a valid basis."  *Id.* at 2.  On April 21, 2026, respondents filed a supplemental response.  Docket No. 17. On April 22, 2026, petitioner filed a supplemental reply.  Docket No. 18.

## II.  LEGAL STANDARD

Petitioner brings his motion to clarify or amend the judgment under Rule 60(a) and Rule 59(e).  Docket No. 9 at 2.  Although, in his reply, petitioner focuses on Rule 59(e), Docket No. 15 at 8, the Court will consider both rules.

### A.  Rule 60(a)

Rule 60(a) states that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  The rule "may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record."  *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (emphasis omitted) (citing *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir. 1980)).  "[T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule."  *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994).

### B. Rule 59(e)

"The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Mach. (Grp.) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (citation and alterations omitted). "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Somerlott v. Cherokee Nation Distributors, Inc.,* 686 F.3d 1144, 1153 (10th Cir. 2012)). Here, petitioner does not show an intervening change in the controlling law[4] or present new evidence previously unavailable. *See generally* Docket No. 9. Thus, the Court will consider whether there is a need to correct clear error or prevent manifest injustice.

### III. ANALYSIS

### A. Rule 60(a)

First, petitioner asks the Court to clarify the burden of proof and evidentiary standard applicable at the § 1226(a) bond hearing. Docket No. 9 at 2. Petitioner argues that the March 24, 2026 order's silence on who bears the burden of proof and on what evidentiary standard is applicable "is an oversight whose correction does not alter the substance of the Court's ruling." *Id.* at 3. The Court disagrees. Notably, petitioner's argument is not premised on the fact that the Court made a clerical error, as is appropriate under Rule 60(a), but rather that the failure to specify the applicable procedural rules could lead to a constitutionally deficient bond hearing. *Id.* at 3-4. This

---

[4] Petitioner asks the Court to consider its relief "in light of three D. Colo. Decisions entered after the Court's prior bond-hearing only orders." Docket No. 9 at 3. However, because these decisions come from the district court, they do not represent a change in controlling law.

is an argument about petitioner's "substantive rights," and is beyond the scope of Rule 60(a). *Matter of W. Texas*, 12 F.3d at 504. Thus, the Court will deny petitioner's request to clarify what procedures should be utilized at his bond hearing.[5]

### B. Rule 59(e)

Alternatively, petitioner argues that the Court should alter the judgment in its March 24, 2026 order to order his immediate release. Docket No. 9 at 4. Specifically, petitioner argues that his immediate release is appropriate because respondents did not arrest him pursuant to a warrant and because respondents did not follow the proper procedures for revoking his initial release. *Id.* at 4-5.

Petitioner did not, however, argue that he was arrested without a warrant in his habeas petition. *See generally* Docket No. 1. "Courts will not entertain arguments that could have been but were not raised before the just-issued decision." *Banister v. Davis*, 590 U.S. 504, 516 (2020). Thus, such an argument does not present a basis for granting petitioner's motion.

In his habeas petition, petitioner did argue that respondents violated 8 C.F.R. §§ 236.1, 241.4, and 241.13 by re-arresting petitioner after he had already been released. Docket No. 1 at 8-9. Petitioner does not explicitly re-raise this argument in his motion to amend the judgment, but does argue that respondents failed to issue a "written notice of revocation." Docket No. 9 at 5. Petitioner does not elaborate on this purported requirement. *See generally id.* The Court presumes this argument relates to petitioner's argument in his habeas petition regarding revocation of release. However,

---

[5] Moreover, in this case, the immigration judge did grant bond, and petitioner provides no evidence that imposing different procedural requirements would have led to a different result at the bond hearing. *See generally* Docket Nos. 9, 15.

the Court finds that none of the regulations that petitioner cites in his habeas petition support the proposition that he is entitled to release. 8 C.F.R. §§ 241.4 and 241.13 govern the detention of noncitizens who have a final order of removal, which is not applicable here. *See* 8 C.F.R. §§ 241.4(a), 241.13(a). And 8 C.F.R. § 236.1 states that,

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R. § 236.1(c)(9). Petitioner does not explain how respondents failed to abide by this regulation. *See generally* Docket No. 1. Furthermore, the arguments asserted by petitioner in his motion to amend the judgment center on respondents' failure to get an administrative warrant, and only mention the revocation of his release in passing. *See* Docket No. 9 at 5.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Petitioner's Motion to Clarify Order (Fed. R. Civ. P. 60(a)) and, in the Alternative, Motion to Alter or Amend Judgment (Fed. R. Civ. P. 59(e)) [Docket No. 9] is **DENIED**. It is further

**ORDERED** that this case is closed.

DATED May 5, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

7